Robert C. Brink, J.
On February 13, 1969, this court made an order in two consolidated actions, Hills v. Board of Supervisors of Tioga County and Collins v. Board of Supervisors of Tioga County, by which the court rejected a seven district plan of reapportionment adopted by the County Board of Supervisors on December 9, 1968, on the ground that such plan was unconstitutional. The same order directed the Tioga County Board of Supervisors to adopt a temporary plan of computer weighted voting which had been prepared and submitted to the court. By the same order, the court further directed the Board of Supervisors to submit a permanent valid and constitutional plan and retained jurisdiction of the above-entitled action and all proceedings thereon with leave to any of the parties to apply for further relief. Following the court’s order, the Board of Supervisors voted not to appeal from the temporary order of the court.
*644 Three Town Supervisors in the County of Tioga, as plaintiffs, have brought a new action against the Board of Supervisors in which they seek an order from this court vacating the order requiring temporary weighted voting. The same plaintiffs also seek a reversal of the court’s position as to the permanent plan submitted by the Board of Supervisors and an acceptance by the court of the aforesaid seven district plan as a permanent plan.
The County Attorney representing the Board of Supervisors has moved to dismiss the action on the ground that the proceedings brought by the above-named plaintiffs are improper by reason of the pendency of the original action. Plaintiffs through their counsel, have moved in the new action for a temporary injunction restraining the Board of Supervisors of Tioga County from using the weighted voting plan pending the disposition of their action.
The problem of the above-named plaintiffs as it appears from the moving papers and the arguments of counsel seem to be that there has been no opportunity for the review of the court’s decision by the Appellate Division.
After reviewing plaintiffs’ moving papers, in the opinion of this court, even if the plaintiffs were properly before the court in the above action, there is no merit to their contention. This court is still convinced that the permanent plan submitted is unconstitutional by reason of the fact the apportionment of the new districts was based on voter registration rather than on actual population as established by a reliable procedure such as a census computation. Even if the registered voter procedure adopted accurately reflected the population of the districts, there would be too great a variance between some of the districts. Computed weighted voting has been accepted by the courts particularly as a temporary plan.
The office of the Attorney-General of the State of New York, which has been permitted to intervene in this action as amicus curies, takes the position that with one action pending involving the issues presented by the above-named plaintiffs, that the second issue should be dismissed.
Plaintiffs’ attorneys take the position that this objection is a mere technicality. In the opinion of this court, multiplicity of actions involving the same issues is somewhat more than a mere technicality. It not only unnecessarily harasses the parties, but it also tends to confuse and retard the administration of justice. Defendant’s motion to dismiss plaintiffs’ action must be granted.' If plaintiffs seek to bring the matter before the appellate court, they are not without remedy. As interested parties they can still seek to intervene as additional parties in the original action, *645 and apply for the same relief that they now seek in the new action.
It is the court’s decision that the plaintiffs’ application for relief is denied on the merits and that defendant’s application to dismiss the above-entitled action should be granted for all the reasons hereinbefore set forth.